

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| WILLIAM WHITE, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 06 C 5610 |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff William White seeks an award of attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, arguing that the Commissioner's position in denying his application for Disability Insurance Benefits ("DIB") was not substantially justified. He asks for an award of $12,174.33. For the following reasons, that award is adjusted to $11,594.33.

Mr. White applied for DIB on September 15, 1998, alleging that he had been disabled since January 9, 1997, as a result of a truck accident. (Administrative Record ("R.") 106). He said he suffered a spinal injury, injury to his eyes, a pinched nerve in his neck, severe arthritis, and memory loss. (R. 101-103, 106). His application was denied initially and upon reconsideration. (R. 36, 38). Mr. White continued pursuit of his claim by filing a timely request for hearing on December 1, 2003. (R. 48).

An administrative law judge ("ALJ") convened a hearing on January 27, 2000, but adjourned it after a brief time so that additional medical records could be ordered and Mr. White could return with his attorney. (R. 552-578A). On March 17, 2000, the hearing reconvened and Mr. White, represented by counsel, appeared and testified. (R. 579-680). In addition, a medical expert, Dr.

Bianchin, and a vocational expert, Cheryl Hoiseth, also testified. (R. 620, 678). On April 12, 2000, the ALJ issued a decision denying Mr. White's application for DIB because, although he could not perform any of his past relevant work, he could perform at least a full range of sedentary work. (R. 507-12). Mr. White filed a timely request for review of that decision with the Appeals Council.

On June 18, 2002, the Appeals Council remanded the case to the ALJ for further proceedings. (R. 502-03). The Appeals Council instructed the ALJ to obtain additional evidence regarding Mr. White's impairment(s), and to give proper consideration to additional treating and examining source opinions which had been unavailable at the time of the ALJ's decision, specifically those found in the depositions of Henry Kawanaga, M.D., and clinical psychologist C. Schiro-Geist Ph.D. (R. 502). Further, the Appeals Council indicated that the ALJ was to "request the treating and examining sources to provide additional evidence and/or further clarification of the opinions and medical source statements about what [Mr. White] can do despite the impairments." (R. 503). The Council also wanted the ALJ to evaluate Mr. White's symptoms in accordance with disability regulations, and explain the weight given to all of the opinions in the record, consider the combined effect of Mr. White's limitations, provide an "appropriate rationale for all findings," determine Mr. White's residual functional capacity ("RFC") in keeping with the applicable Social Security Rulings and, if appropriate, obtain evidence from a vocational expert. (R. 503).

The ALJ convened Mr. White's administrative hearing for a third time on May 8, 2003. (R. 681-766). Mr. White again appeared and testified, and was represented by the same attorney. (R. 681). There were new medical and vocational experts present to provide testimony. (R. 712, 735). On July 24, 2003, the ALJ issued a second unfavorable decision, finding Plaintiff not entitled to DIB because he could perform his past relevant work as a warehouse clerk and a security guard. (R. 24-

32). This became the final decision of the Commissioner when the Appeals Council denied Mr. White's request for review of the decision on June 25, 2004. (R. 9-11). *See* 20 C.F.R. §§ 404.955; 404.981. Mr. White appealed that decision to the federal district court under 42 U.S.C. § 405(g), and on April 9, 2008, I entered an order remanding the case to the Commissioner.

Now, the plaintiff seeks an award of attorney's fees and costs under the EAJA. The EAJA provides that a district court may award attorney's fees where (1) the plaintiff is a "prevailing party"; (2) the government's position was not substantially justified; (3) no "special circumstances make an award unjust"; and (4) the fee application is submitted to the court within 30 days of final judgment and is supported by an itemized statement. 28 U.S.C. § 2412(d)(1)(A), (B); *Golembiewski v. Barnhart*, 382 F.3d 721, 723-24 (7th Cir. 2004). Costs are available under 28 U.S.C. § 2412(a)(1). Here, by virtue of the remand, the plaintiff is the prevailing party. *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993). There are no "special circumstances" alleged. *See Golembiewski*, 382 F.3d at 724; *United States v. Hallmark Const. Co.*, 200 F.3d 1076, 1079 (7th Cir. 2000). The plaintiff's application was timely filed and is supported by an itemized statement. And, the Commissioner has conceded that his position was not substantially justified.[1] Accordingly, the plaintiff's fee application must be granted, but the question remaining is the amount of the award.

Plaintiff requests a total of $12,174.33 in attorney's fees. The amount of the fee award is left to the discretion of the district court. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Yet a "district court may not arbitrarily reduce the number of hours requested; if it reduces hours it should provide a 'concise but clear explanation.'" *Smith v. Great American Restaurants, Inc.*, 969 F.2d 430, 439 (7th

---

[1] The Commissioner bears the burden of proving that his position – be it at the pre-litigation or litigation phases of the case – was substantially justified. *Scarborough v. Principi* 541 U.S. 401, 416 (2004); *Golembiewski*, 382 F.3d at 724.

3

Cir.1992). The judge must do more than "eyeball the request and if it seems excessive cut it down by an arbitrary percentage." *Heiar v. Crawford County*, 746 F.2d 1190, 1204 (7th Cir.1984). In other words, the court must still provide sufficient reasoning to enable a meaningful exercise of appellate review.

Under the EAJA, "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A); *Bricks, Inc. v. United States E.P.A.*, 426 F.3d 918, 922 (7th Cir. 2005). Here, the plaintiff seeks an hourly rate of between $160.00 and 167.50 for attorney work performed in 2006, 2007, and 2008. He supports these requested rates by attaching cost of living calculations based upon the "all items" portion of the Consumer Price Index that adjust the fee upward from 1996, when the base of $125 was established. These calculations appear to be correct, and the courts of this district have accepted these types of calculations to support an adjustment in the hourly rate available under the EAJA. *See Davis v. Barnhart*, 2004 WL 1899978, *3 (N.D.Ill. Aug. 20, 2004); *Holland v. Barnhart*, 2004 WL 419871, *1 (N.D.Ill. Feb. 3, 2004); *Banks v. Barnhart*, 2003 WL 22019796, at *5 (N.D.Ill. Aug. 26, 2003). Moreover, the Commissioner does not challenge the reasonableness of these rates. Accordingly, the requested rates for the attorneys working on this matter are reasonable.

Plaintiff also asks that the work of law clerks who assisted counsel be compensated at a rate of $100 to $125 per hour. The rate of $100 is sought for clerks who have not yet graduated from law school; the $125 rate is urged for those who have. Courts have allowed rates of about $100 for the work of paralegals or law clerks. *See Rohan v. Barnhart*, 306 F.Supp.2d 756, 774 (N.D.Ill.

4

2004)(paralegal services compensated at $95.00 per hour); *Barrientos v. Barnhart*, 2004 WL 1381126, *2 (N.D.Ill. May 7, 2004)($100 per hour for law clerk); *Embry v. Barnhart*, 2003 WL 22478769, *3 (N.D.Ill. Oct. 31, 2003)($95 per hour for law clerk and paralegal). Thus, that requested rate is found to be reasonable.

The Commissioner takes issue with the $125.00 per hour rate for time that the law clerks put in once they graduated from law school. It is true, as the plaintiff argues that paralegals – and presumably, law clerks – ought to be recompensed at the market rate, *Richlin Sec. Service Co. v. Chertoff*, 128 S.Ct. 2007, 2016-17 (2008), case law in this district does not differentiate between pre- and post-graduates. Moreover, the evidentiary support plaintiff has provided for the sought-after increase is unconvincing.[2] Indeed, review of the billing statements supporting plaintiff's petition suggests that the law clerks required similar supervision and editing from attorneys before and after law school graduation. The 25% increase in law clerk rates, then, is not justified here. *See also, infra*, at 7 n.4. The plaintiff's fee award will be reduced by $580.00 to reflect this.

The Commissioner also submits that the total number of hours logged here – 102.43 – was excessive, given that petitions requesting reimbursement for 40 to 60 hours seem to be the norm. *See Nickola v. Barnhart*, 2004 WL 2713075, *2 (W.D.Wis. Nov. 24, 2004)(roughly 60 hours of combined law clerk and attorney time it took to produce plaintiff's briefs was not excessive); *Holland v. Barnhart*, 2004 WL 419871, *2 (N.D.Ill. Feb. 3, 2004)(56.85 hours devoted to the preparation of

---

[2] The plaintiff submits a national survey of paralegal rates, which he says supports a rate of $100 per hour – but not $125. (*Plaintiff's Application for Attorney's Fees*, ¶13). He also points to the government's Laffey Matrix, which demonstrates a market rate for law clerks of $120 per hour in 2006. The matrix tracks the market rates in the Washington, D.C. area, and specifically does not apply to cases where the attorney's hourly rate is limited by statute, as it is here under § 2412(d)(2)(A). Moreover, the Matrix provides no premium for law clerks graduating law school; only for years of experience as an attorney. *See* http://www.usdoj.gov/usao/dc/Divisions/Civil_Division/Laffey_Matrix_7.html.

"three briefs, totaling 48 pages" not unreasonable); *Anderson v. Barnhart*, 2006 WL 4673476, *5 (N.D.Ill. Feb. 9, 2006)(38.9 hours spent on brief and reply "unextraordinary"). *See Cuevas v. Barnhart*, 2004 WL 3037939, *2 (N.D.Ill. Dec. 30, 2004) (56.5 hours of attorney work found reasonable); *Taylor v. Barnhart*, 2004 WL 1114783, *3 (N.D.Ill. May 14, 2004) (51 hours of attorney work found reasonable). Every case is different of course, as is every lawyer. "Lawyers do not come from cookie cutters. Some are fast studies and others require extra preparation." *Gusman v. Unisys Corp.*, 986 F.2d 1146, 1150 (7th Cir. 1993). In this case, the lawyers did not spend an inordinate amount of time on briefing; the vast majority of time was spent by law clerks. Law clerks spent about 70 hours on the initial brief. While the record in this case was large – over 700 pages – the main issues briefed were not exceedingly complex: deference to a treating source's opinion and a credibility finding in keeping with SSR. Standard fare in these matters, and all the more so for a firm that specializes in disability cases. They required little research, and certainly hardly any that had not already been on file. In the thirteen pages of analysis, only a handful of cases were cited.

If attorneys had spent that much time it would be simple enough to call for a reduction of their award. *See Mandrell v. Astrue*, 2008 WL 2704894, *3 (S.D.Ill. July 9, 2008)(64 hours spent on main brief unreasonable even where record was over 800 pages); *Porter v. Barnhart*, 2006 WL 1722377, *3 (N.D.Ill. June 19, 2006)(79 attorney hours (split over three attorneys) reviewing record and preparing brief called excessive); *Palmer v. Barnhart*, 227 F.Supp.2d 975, 978 (N.D.Ill.2002) (finding 122 hours reasonable for both district and appellate court work). But law clerks are not attorneys. Attorney Fred Daley could no doubt have dispatched plaintiff's opening memorandum in far less than 70 hours, *see Palmer*, 227 F.Supp.2d at 979, but his rate would have been $60 to

$67.50 more per hour.[3] The scale is a sliding one; for example, "[a] $225 per hour lawyer may end up costing less than a $150 lawyer for the same result or may produce better results for the same total bill. Markets recognize these truths; judges must too." *Gusman*, 986 F.2d as 1150. Here, employing a $100-per-hour law clerk to wade through a 700-page record was either cost-efficient, *see Embry v. Barnhart*, 2003 WL 22478769, *3 (N.D.Ill. Oct. 31, 2003); *Samuel v. Barnhart*, 316 F.Supp.2d 768, 782 (E.D.Wis. 2004); *Nickola*, 2004 WL 2713075, *1, or an unreasonable shift of the expense of training staff to the government. *See Palmer*, 227 F.Supp.2d at 979, *Seamon v. Barnhart*, 2006 WL 517631, *6 (W.D.Wis. Feb. 23, 2006). Most likely a little of both, but there is no way to tell for certain based on the record.

Unfortunately, the Commissioner provides no inkling as to which tasks the law clerks ought to have performed more quickly here; just a general, unamplified criticism that the whole process took too long. That's not enough to perform the deductions – the *unspecified* deductions – the Commissioner wants. A court's consideration of a fee petition should not be a more taxing exercise than the resolution of the case itself. *Webb v. Bd. of Educ. Of Dyer County, Tenn.*, 471 U.S. 234, 244 n. 20 (1985); *Hensley*, 461 U.S. at 437. Moreover, in this district, it is incumbent upon the party opposing a fee petition to specify the entries and hours that are challenged. N.D.Ill.Local Rule 54.3.

In this instance, perhaps a better gauge than the hours logged in this case is perhaps the total amount sought, $12,174.33 (which has been reduced to $11,594.33). This is within the range of recent EAJA awards for unextraordinary cases, although perhaps in the upper reaches. *Mandrell*,

---

[3] The economics begin to change once a law clerk's time is charged at a premium for law school graduation, however. At 75% of the rate demanded by a seasoned attorney – an expert in these cases – there would be less tolerance for logging this many hours preparing a somewhat routine – if lengthy – legal brief. An attorney like Mr. Daley could have achieved the same result in far less time and, consequently, at a sizeable discount.

7

2008 WL 2704894, *4 (award reduced from over $20,000 to $15,257.90 in case involving 800-page administrative record); *Jenkins v. Astrue*, 544 F.Supp.2d 736, 743 (N.D.Ind. 2008)($11,797.62 awarded to attorney who employed "boilerplate" from previous cases and had a "bank" of legal briefs at his disposal); *Bailey v. Barnhart*, 473 F.Supp.2d 842, 853 (N.D.Ill. 2006)($11,493.88 award conceded to be reasonable); *Denham v. Barnhart* 2006 WL 4082761, *3 (N.D.Ill. 2006)($9,797.87 award in case involving 400-page administrative record and Commissioner voiced only a general objection that case was not sufficiently complicated to warrant that amount).

## CONCLUSION

For the foregoing reasons, the court grants plaintiff's request for fees and costs under the EAJA in the amount of $11,594.33.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

DATE: 9/2/08